1
2
3
4
# UNITED STATES DISTRICT COURT
5
## SOUTHERN DISTRICT OF CALIFORNIA
6

| | |
|---|---|
| 7 TAM PHAN NGUYEN, | Case No.: 17cv1406-MMA (NLS) |
| 8 Plaintiff, | **ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE;** |
| 9 v. | |
| 10 NANCY A. BERRYHILL, Acting Commissioner of Social Security, | [Doc. No. 18] |
| 11 Defendant. | **OVERRULING DEFENDANT'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION;** |
| 12 | |
| 13 | |
| 14 | [Doc. No. 19] |
| 15 | **GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT;** |
| 16 | |
| 17 | [Doc. No. 13] |
| 18 | **DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT; AND** |
| 19 | |
| 20 | [Doc. No. 14] |
| 21 | **REMANDING FOR FURTHER PROCEEDINGS** |
| 22 | |

23    On July 12, 2017, Plaintiff Mr. Nguyen filed this social security appeal challenging

24 the denial of his application for disability insurance benefits and Supplemental Security

25 Income ("SSI").  Doc. No. 1.  The Court referred all matters arising in this appeal to the

26 Honorable Nita L. Stormes, United States Magistrate Judge, for report and

27 recommendation pursuant to section 636(b)(1)(B) of title 28 of the United States Code

28 and Civil Local Rule 72.1.  *See* Doc. No. 7.

The parties have filed motions for summary judgment. Doc. Nos. 13, 14. On August 3, 2018, Judge Stormes issued a thorough and well-reasoned Report recommending that the Court grant in part Plaintiff's motion, deny Defendant's cross-motion, and remand the case for further proceedings. Doc. No. 18 at 39-40. Defendant has filed objections to the Report and Recommendation [Doc. No. 19], and Plaintiff filed a reply brief [Doc. No. 20].

## LEGAL STANDARD

The duties of the district court in connection with a Magistrate Judge's report and recommendation are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). Where the parties file objections, "[a] judge of the [district] court shall make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). A district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *Wilkins v. Ramirez*, 455 F. Supp. 2d 1080, 1088 (S.D. Cal. 2006).

## DISCUSSION

Defendant objects to the Magistrate Judge's findings that the Administrative Law Judge ("ALJ"): (1) improperly rejected the opinions of three treating physicians; (2) improperly found a nonexamining physician's opinion preferable to the opinions of treating physicians; and (3) improperly discredited Plaintiff and his family members. Doc. No. 19.

### 1. *Evaluating Opinions of Treating Physicians*

Defendant first objects to the Magistrate Judge's finding that the ALJ failed to provide specific and legitimate reasons for rejecting the testimony of Doctors Diana L. Marquardt, M.D., Harry C. Henderson, III, M.D., and Milton Lessner, Ph.D. *Id.* at 2-9.

Where the treating physician's opinion is contradicted by another doctor, the ALJ may not reject the opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record for so doing. *Murray v. Heckler*, 722 F.2d 499, 502

2

(9th Cir. 1983).  If a treating physician's opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the substantial evidence in [the] case record, [it will be given] controlling weight."  20 C.F.R. § 404.1527(c)(2).  If a treating physician's opinion is not given "controlling weight" because it is not "well-supported" or because it is inconsistent with other substantial evidence in the record, the ALJ considers specified factors in determining the weight it will be given: (1) "[l]ength of the treatment relationship and frequency of examination" by the treating physician; (2) the "nature and extent of the treatment relationship" between the treating physician and the plaintiff; (3) the amount of relevant evidence that supports the opinion and quality of the explanation provided; (4) the consistency of the medical opinion with the record as a whole; (5) the specialty of the physician providing the opinion; and (6) other factors, such as the degree of understanding a physician has of the Social Security Administration's "disability programs and their evidentiary requirements," and the degree of his or her familiarity with other information in the case record.  *Id.* § 404.1527(C)(2)-(6).

### A. <u>Doctor Lessner</u>

In rejecting Dr. Lessner's opinion, the ALJ explained that "[m]uch of [his] analysis appears based on subjective statement[s] from [Plaintiff] including that he felt he could not make decisions anymore, he felt restless and agitated, and his energy was low," and he did not "list any specific functional limitations/restrictions."  AR at 109.  The ALJ also concluded that Dr. Lessner's assessment is "inconsistent with [Plaintiff's] reports that he provides care to both of his disabled parents."  *Id.*

Although the ALJ asserts that Dr. Lessner's analysis relies heavily upon Plaintiff's subjective statements, this is not apparent from the record.  *See* AR at 109.  Dr. Lessner relied upon objective clinical evidence, including his general observations, a review of Dr. Henderson's records and prescriptions, a review of a psychological evaluation by Dr.

Miller, and test results from five objective tests.[1]  *See* AR at 479-89.  Thus, the ALJ's finding that Dr. Lessner's opinion rested largely on Plaintiff's subjective complaints is not supported by substantial evidence.  *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (An ALJ may reject a treating physician's opinion where it relies on the plaintiff's discredited self-report and objective clinical evidence does not support the opinion).

The ALJ's determination that Dr. Lessner's assessment is inconsistent with Plaintiff's reported activities is not a specific and legitimate reason supported by substantial evidence.  While inconsistency between a treating physician's opinion and a plaintiff's daily activities may be a specific and legitimate reason for rejecting the opinion, Plaintiff's reported activities are not inconsistent with Dr. Lessner's opined limitations.  *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005); *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001); *Brandl v. Astrue*, No. CV 11-7719-SP, 2012 WL 3887097, at *5 (C.D. Cal. Sept. 7, 2012); AR at 481.  Here, the ALJ noted that Plaintiff could clean, straighten up around the house, and watch over his father by feeding him, assisting him to the bathroom, and walking him around the house.  AR at 102.  Dr. Lessner concluded that Plaintiff would have difficulty with concentration and short term memory.  AR at 483.  None of the daily activities cited by the ALJ exceed Dr. Lessner's opined limitations.  *See Brandl*, 2012 WL 3887097, at *4-5 ("The mere ability to perform activities of daily living . . . is not a specific and legitimate reason."); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits.").

The ALJ also rejected Dr. Lessner's opinions because he failed to identify any specific functional limitations or restrictions.  AR at 109.  However, Dr. Lessner

---

[1] Specifically, Dr. Lessner based his diagnostic impression on results from the following tests: (1) The Minnesota Multiphasic Personality Inventory-2; (2) Rotter Incomplete Sentence Blank; (3) Bender Gestalt; (4) The Mooney Problem Check List; and (5) The Beck Depression Inventory.  AR at 484-88.

concluded that Plaintiff would not be able to work due to concentration problems, short term memory, and suspected brain damage. AR at 483. While Dr. Lessner's statement is brief, it does in fact state specific limitations. *See id.* Accordingly, it was inaccurate for the ALJ to conclude that Dr. Lessner's report did not detail any specific limitations. *See Vossough v. Colvin*, No. ED CV 13-02207-VBK, 2014 WL 3055866, at *6 (C.D. Cal. July 2, 2014) (finding the ALJ erred in concluding a treating physician's letter did not contain specific limitations where he briefly stated that the plaintiff's symptoms interfere with concentration and focus).

Based on the foregoing, the Court **OVERRULES** Defendant's objection to the Magistrate Judge's finding that the ALJ improperly rejected Dr. Lessner's opinion.

## B.  Dr. Marquardt

The ALJ accorded no weight to Dr. Marquardt's opinion because she "based her assessments of [Plaintiff's] mental impairments on 'eConsults' and subjective statements, noting almost no objective findings of her own to support her conclusion that mental impairments would prevent work activity." AR at 110. The ALJ also noted that Dr. Marquardt is "not a specialist in this area." *Id.*

The ALJ's determination that Dr. Marquardt's opinion is based on very little to no objective findings of her own is not supported by substantial evidence. For example, Dr. Marquardt consistently assessed Plaintiff as "oriented x3."[2] *See* AR at 374, 381, 387, 389, 391, 393, 395, 397, 399, 401, 412, 414, 431 433, 435, 440, 447, 449, 451, 453, 455. At times, Dr. Marquardt noted Plaintiff's odd affect or that he was "not very socially appropriate." AR at 412, 414, 431, 433. Moreover, in reviewing Dr. Marquardt's consult with a mental health specialist, it appears that Dr. Marquardt made her own objective

---

[2] "Oriented x3" means that a person is oriented to person, place, and time, but is not aware of the situation. *See Metro. Life Ins. Co. v. Yeary*, No. 3:94 CV 7534, 1998 U.S. Dist. LEXIS 22835, at *11 (N.D. Ohio Feb. 6, 1998) ("The category oriented 'x3' means whether an individual is oriented to person, place and time."); *see also Fernandez v. Comm'r of Soc. Sec.*, No. 8:14-cv-1272-T-30CM, 2015 U.S. Dist. LEXIS 108133, at *15 (M.D. Fla. July 31, 2015) (stating that oriented x4 indicates that a person is "oriented to person, place, time and situation").

findings with respect to Plaintiff's bipolar disorder diagnosis. *See* AR at 474-75 (stating that the specialist indicated the diagnosis could be either a primary psychotic disorder or a mood disorder with psychotic features). Dr. Marquardt's assessments with respect to diagnosing Plaintiff and his level of orientation were based on observed abnormalities rather than Plaintiff's subjective statements. *See Popick v. Comm'r of Soc. Sec.*, 32 F. Supp. 3d 157, 168 (N.D.N.Y. 2012) (stating that a diagnosis is likely based upon "observed abnormalities of behavior, rather than any subjective statement by Plaintiff"); *see also* 20 C.F.R. § 404.1502(g) ("Psychiatric signs are medically demonstrable phenomena that indicate specific abnormalities, e.g., abnormalities of behavior, mood, thought, memory, orientation, development, or perception, and must also be shown by observable facts that can be medically described or evaluated.").

Additionally, the Magistrate Judge correctly concluded that a treating primary care physician's opinion as to Plaintiff's mental functioning may not be disregarded because the physician is not a mental health specialist. *See Lester v. Chater*, 81 F.3d 821, 833 (9th Cir. 1995). Dr. Marquardt is "qualified to give a medical opinion as to [Plaintiff's] mental state . . . even though [Dr. Marquardt] is not a psychiatrist." *See Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). Like the treating physicians in *Sprauge* and *Lester*, Dr. Marquardt provided treatment for Plaintiff's psychiatric impairment, including the prescription of psychotropic medication. *See* AR at 107; *see also Sprague*, 812 F.2d at 1232; *Lester*, 81 F.3d at 833. Thus, Dr. Marquardt's "opinion constitutes 'competent psychiatric evidence' and may not be discredited on the ground that [she] is not a board certified psychiatrist." *Lester*, 81 F.3d at 833 (quoting *Sprague*, 812 F.2d at 1232). Moreover, "[a]n integral part of the treating physician's role is to take into account all the available information regarding all of [her] patient's impairments—including the findings and opinions of other experts." *Id.*

In any event, the ALJ failed to consider the factors set forth in 20 C.F.R. § 404.1527(C)(2)-(6). Accordingly, the Court **OVERRULES** Defendant's objection to the Magistrate Judge's finding that the ALJ "did not adequately detail his reasoning in

accordance with the 'specific and legitimate' standard" and did not weigh the relevant factors in giving less than controlling weight to Dr. Marquardt. Doc. No. 18 at 34.

### C. __Dr. Henderson__

The ALJ found that "Dr. Henderson's opinion is unsupported by any clinical notations and appears to accept uncritically as true the subjective statements of either [Plaintiff] or his family members" and that his opinion is "inconsistent with [Plaintiff's] reported activities including cleaning, preparing meals, and caring for his disabled parents." AR at 111. As such, the ALJ found his opinion unreliable. *Id.*

A review of the record reveals that Dr. Henderson's opinion is based upon his psychotherapy and medication management with Plaintiff for over a year. *See Popick*, 32 F. Supp. 3d at 160-61 (stating that a diagnosis is likely based upon "observed abnormalities in Plaintiff's behavior, not merely Plaintiff's self-reports"). It is also clear that Dr. Henderson does not "accept uncritically as true the subjective statements" of Plaintiff or his family. *See* AR at 111. For example, Dr. Henderson reported that Plaintiff "is in severe delusion thinking that he is caring for his ill father" and specifically explained that Plaintiff does not do any household activities. AR at 690, 692.

Further, the ALJ did not weigh the factors set forth in 20 C.F.R. § 404.1527(C) to accord less than controlling weight to Dr. Henderson. 20 C.F.R. § 404.1527(C)(2)-(6). Based on the foregoing, the ALJ did not adequately provide specific and legitimate reasons for rejecting Dr. Henderson's opinion, and the Court **OVERRULES** Defendant's objection on this ground.

### 2. *__Evaluating the Opinion of Nonexamining Physician Dr. Koretsky__*

According to Defendant, the ALJ properly gave partial weight to Dr. Koretsky's opinion because he found that it "addressed Plaintiff's reported symptoms and the many normal findings from the mental status examinations." Doc. No. 19 at 9. When a nonexamining physician's opinion contradicts an examining or treating physician's opinion and the ALJ gives greater weight to the nonexamining physician's opinion, the ALJ must articulate his reasons for doing so. *See Morgan v. Comm'r of Soc. Sec. Admin.*,

169 F.3d 595, 600-01 (9th Cir. 1999). "A nonexamining physician's opinion can constitute substantial evidence if it is supported by other evidence in the record." *Ste Claire v. Astrue*, 752 F. Supp. 2d 1146, 1155 (D. Or. 2010) (citation omitted).

Here, the ALJ did not adequately articulate his reasons for providing Dr. Koretsky more weight than the treating physicians, and did not articulate how his opinion is supported by other evidence in the record. *See* AR at 110-11. While the ALJ did find that Dr. Koretsky's opinion is supported by Plaintiff's "reported symptoms and findings from multiple mental status exams and psychological testing," the ALJ did not identify which examinations and tests support Dr. Koretsky's opinion. *See id.* This does not sufficiently explain how the record as a whole supports Dr. Koretsky's opinion, particularly where Plaintiff's treating physicians opined that Plaintiff is suffering severe, disabling mental impairments. Accordingly, the Court agrees with the Magistrate Judge's finding that "the ALJ must provide additional information and reasoning to reject or discount the opinions of the treating physicians and offer an explanation as to why [Dr. Koretsky's] conclusion is correct." *See* Doc. No. 18 at 36. The Court, therefore, **OVERRULES** Defendant's objection on this ground.

### 3. *Credibility Determinations*

Defendant objects to the Magistrate Judge's finding that the ALJ improperly partially rejected Plaintiff's and third party testimony. Doc. No. 19 at 10. The ALJ discredited Plaintiff, his mother, and his brother because Plaintiff's "regular activities are inconsistent with earlier reports," which suggest that Plaintiff is more capable than alleged. *Id.* The ALJ also found that the objective medical evidence is inconsistent with allegations of disabling symptoms and limitations. AR at 105. The ALJ also gave Plaintiff's mother and brother "little weight" because of their "inherent bias/subjectivity" and noted "internal inconsistencies" within Plaintiff's brother's Third Party Function Report. *Id.*

First, the ALJ found that Plaintiff's reported activities are inconsistent with earlier reports. AR at 104. "[D]aily activities may be grounds for an adverse credibility finding

if a [plaintiff] is able to spend a substantial part of his day engaged in pursuits involving performance of physical functions that are transferrable to a work setting." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (internal quotation marks omitted). A plaintiff need not be "utterly incapacitated" to be eligible for benefits. *Fair*, 885 F.2d at 603. In this case, Plaintiff testified that he cleans and straightens up around the house and watches over his father, including feeding him, assisting him to the bathroom, and walking with him. AR at 104. While there is conflicting evidence regarding the extent of Plaintiff's ability to perform these activities,[3] they relate to Plaintiff's physical capabilities. "The fact that Plaintiff is physically able to perform certain tasks, however, has little bearing on [his] reporting of mental impairments. Therefore, Plaintiff's credibility concerning [his] mental impairments should not be diminished because of [his] ability to carry out some activities of daily living." *Mackey v. Colvin*, No. 1:14-CV-3075-WF, 2015 WL 853791, at *9 (E.D. Wash. Feb. 26, 2015). Moreover, the ALJ did not articulate whether Plaintiff spends a substantial part of his day engaged in these pursuits, nor did he explain how these functions are transferrable to a work setting. *See Orn*, 495 F.3d at 639. As a result, Plaintiff's and his family members' credibility regarding Plaintiff's mental impairments should not be diminished because of his ability to carry out some activities of daily living. *See id.*; *see also Mackey*, 2015 WL 853791, at *9.

Second, the ALJ found that the objective medical evidence fails to provide "strong support" for Plaintiff's and his family members' allegations of disabling symptoms and limitations. AR at 105. As discussed herein, the Court finds that the ALJ did not provide adequate reasons for rejecting the opinions of Drs. Lessner, Marquardt, and Henderson,

---

[3] For example, Plaintiff's mother and brother both stated that Plaintiff does not complete any household chores or cook, and Dr. Henderson opined that Plaintiff was completely delusional in stating that he completes these tasks. AR at 104-05, 690, 692. Additionally, Plaintiff alleged in his disability report that he needs help undressing and bathing, and that he cannot cook or do household chores due to his hand tremors. AR at 104, 285.

and failed to adequately explain how Dr. Koretsky's opinion is entitled to greater weight. The opinions of Drs. Lessner, Marquardt, and Henderson suggest that the severity of Plaintiff's mental impairments are generally consistent with his and his family's allegations.  As such, inconsistency with medical evidence is not an adequate reason for discrediting Plaintiff or his family members. *See Mackey*, 2015 WL 853791, at *9.

Based on the foregoing, the Court **OVERRULES** Defendant's objections with respect to the ALJ's credibility determinations.

<u>CONCLUSION</u>

After reviewing the Report and Recommendation in its entirety, the Court finds Judge Stormes' conclusions are thorough, well-reasoned, and supported by applicable law.  Accordingly, the Court **ORDERS** as follows:

1.     The Report and Recommendation [Doc. No. 18] is **ADOPTED** in its entirety;

2.     Defendant's Objections to the Report and Recommendation [Doc. No. 19] are **OVERRULED**;

3.     Plaintiff's Motion for Summary Judgment [Doc. No. 13] is **GRANTED IN PART**;

4.     Defendant's Cross-Motion for Summary Judgment [Doc. No. 14] is **DENIED**; and

5.     The Court **REMANDS** this matter for further proceedings.

**IT IS SO ORDERED**.

Dated:  September 5, 2018

Hon. Michael M. Anello
United States District Judge

17cv1406-MMA (NLS)