**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TAM PHAN NGUYEN,<br><br>                     Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>                     Defendant. | Case No.: 17cv1406-MMA (NLS)<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS PURSUANT TO EQUAL ACCESS TO JUSTICE ACT**<br><br>[Doc. No. 25] |

      Plaintiff Tam Phan Nguyen ("Plaintiff") filed this appeal from the final decision of Acting Commissioner of Social Security Nancy A. Berryhill ("the Commissioner") denying his application for disability insurance benefits and Supplemental Security Income benefits on July 12, 2017. Doc. No. 1. The Honorable Nita L. Stormes issued a Report and Recommendation on August 3, 2018, recommending that the Court grant in part Plaintiff's motion for summary judgment, deny Defendant's cross-motion for summary judgment, and remand the case for further proceedings. Doc. No. 18 at 39-40. The Court adopted Judge Stormes' Report and Recommendation and remanded the case for further proceedings. Doc. No. 21. Plaintiff now seeks an award of attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). Doc. No. 25 ("Mtn."). The Commissioner filed a response in opposition [Doc. No. 26 ("Oppo")], and Plaintiff replied [Doc. No. 27 ("Reply")]. The Court, in its discretion,

decides the matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1.d.1. For the reasons set forth below, the Court **GRANTS IN PART** Plaintiff's motion.

## LEGAL STANDARD

The EAJA provides, in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The prevailing party must file an application within thirty days of final judgment. 28 U.S.C. § 2412(d)(1)(B). That application must show that the party is a prevailing party, is eligible to receive an award under this subsection, and the amount sought, which includes an itemized statement stating the actual time spent and the rate that the fees and expenses were computed. *Id.*

## DISCUSSION

Plaintiff requests attorney's fees in the amount of $20,899.24, representing 83.5 hours of work, and $100 in costs.[1] Reply at 11; Doc. No. 25-2 ("Manbeck Decl.") ¶¶ 8, 11. The parties do not dispute that Plaintiff is the prevailing party and that the motion was timely filed.[2] Rather, the Commissioner opposes Plaintiff's request on three grounds: (1) counsel's enhanced hourly rate is unjustified; (2) counsel's hours are unreasonable; and (3) the request for $100 in expenses is unsupported. Oppo. at 2.

---

[1] Plaintiff requests fees of $20,773.84 due to a mathematical error. *See* Manbeck Decl. ¶ 8. Plaintiff calculated 68.5 hours at a rate of $250.78 as amounting to $17,053.04. *Id.*

[2] The Court finds Plaintiff's motion timely. *See Yang v. Shalala*, 22 F.3d 213, 216 (9th Cir. 1994) (finding that the EAJA application timely because Federal Rule of Civil Procedure 58's separate document requirement was not satisfied, and as such, the time period for filing the EAJA petition never began to run).

A.  **Fee Enhancement**

Under the EAJA, attorneys' fees "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Here, the parties agree that the hourly rate for EAJA fees is $196.79 for 2017 and $200.78 for 2018. Mtn. at 9; Oppo. at 3; *Thangaraja v. Gonzales*, 428 F.3d 870, (9th Cir. 2005) (explaining cost of living increases).

Plaintiff contends that his attorney, Alexandra Manbeck, should receive an enhancement of $50 per hour "because of her fluency in Vietnamese and because of her knowledge of social security law." Mtn. at 9. Plaintiff asserts that Ms. Manbeck has provided "indispensable services" and that without her services, he would not have been able to bring his claim due to his inability to communicate in English, "desperate need for legal counseling in Vietnamese," and inability to afford a translator. Mtn. at 11. Moreover, Plaintiff asserts that Ms. Manbeck has "extensive experience" in social security law because she has been practicing in the field for almost twenty years. *Id.* at 10. Plaintiff further contends that "there were no lawyers in the San Diego area besides [Ms. Manbeck] who possessed the necessary skill who would take this case for [the statutory rate]." *Id.* at 14.

The Commissioner claims that Ms. Manbeck's Vietnamese language skills "were [not] necessary for Counsel's representation" and were not required "for the vast majority of work." Oppo. at 6. In support, the Commissioner explains that it "is not even clear" that Ms. Manbeck's language skills were necessary to communicate with Plaintiff because Ms. Manbeck sent documents to Plaintiff via a translator. *Id.* The Commissioner also asserts that Ms. Manbeck's expertise in social security law does not warrant a fee enhancement because "this case was not a complex or unusual matter requiring special expertise in Social Security or other areas of the law." *Id.* at 3.

A "special factor" enhancement requires "some distinctive knowledge or specialized skill needful for the litigation in question . . . ." *Pierce v. Underwood*, 487

U.S. 552, 572 (1988). Examples include an "identifiable practice specialty such as patent law or knowledge of foreign law or language. Where such qualifications are necessary and can be obtained only at rates in excess of the [statutory] cap, reimbursement above the limit is allowed." *Id.* In order to qualify for a fee enhancement based on a special factor, "the attorney must possess distinctive knowledge and skills developed through a practice specialty," those skills "must be needed in the litigation," and "must not be available elsewhere at the statutory rate." *Love v. Reilly*, 924 F.2d 1492, 1496 (9th Cir. 1991).

Here, Ms. Manbeck's knowledge of social security law[3] and fluency in the Vietnamese language constitute "distinctive knowledge and skills." *Pirus v. Bowen*, 869 F.2d 536, 541 (9th Cir. 1989) (holding that specialty in social security law is a distinctive knowledge and skill); *Pierce*, 487 U.S. at 572 (noting that knowledge of a foreign language is distinctive knowledge or a specialized skill). With respect to Ms. Manbeck's fluency in Vietnamese, the Court finds that Plaintiff has demonstrated that this knowledge and skill was "needed for litigation." *Love*, 924 F.2d at 1496. Plaintiff contends that he "is unable to communicate in English, suffers from severe mental and physical impairments that affect his cognitive functioning and is in desperate need for legal counseling in Vietnamese as he could not afford translation." Mtn. at 11. Moreover, the record demonstrates that Plaintiff is unable to effectively communicate in English. *See* Administrative Record ("AR") at 17 (indicating that Plaintiff speaks Vietnamese and needed a translator to communicate at the hearing before the Administrative Law Judge).

The Court further finds that Plaintiff has demonstrated that Ms. Manbeck's skills are not "available elsewhere at the statutory rate." *Love*, 924 F.2d at 1496. Plaintiff

---

[3] The Commissioner challenges Ms. Manbeck's knowledge and skill of social security law by pointing out procedural errors in Plaintiff's filings, such as formatting errors, late filings, lengthy briefings, and use of an outdated form. Mtn. at 5. The Court finds that procedural errors do not bear on Ms. Manbeck's knowledge and skills in social security law.

4

declares that Ms. Manbeck was "the only attorney in San Diego [who agreed to represent him] without requesting advanced payment,"[4] which he could not afford. Doc. No. 25-3 ("Nguyen Decl.") ¶ 4. Also, Plaintiff states that Ms. Manbeck is "the sole [Vietnamese-speaking] American attorney in the San Diego area" specializing in social security appeals. Mtn. at 14. As a result, the Court finds reasonable Ms. Manbeck's requested enhanced rates of $246.79 in 2017 and $250.78 in 2018. *See* Manbeck Decl. ¶ 8.

B.  **Reasonableness of Hours**

Plaintiff requests 83.5 hours of attorney's fees. Reply at 11; Manbeck Decl. ¶ 7. In the Ninth Circuit, courts apply the lodestar method in calculating attorney's fees under the EAJA. *See Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012) ("This court applies the principles set forth in *Hensley*—and other cases interpreting 42 U.S.C. § 1988—to determine what constitutes a reasonable fee award under the EAJA."). In calculating the number of hours reasonably expended in litigation "the prevailing party should exercise 'billing judgment' to 'exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary' as a lawyer in private practice would do." *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Plaintiff argues he should be awarded attorney's fees for all hours requested because "the work product reduced the overall costs of this proceeding." Mtn. at 16. The Commissioner argues Ms. Manbeck's hours are excessive and should be greatly reduced. Oppo. at 9-11. Plaintiff replies that several other decisions have found sixty to ninety hours reasonable in social security cases. Reply at 7-11. However, Plaintiff does not respond to the specific challenges raised by the Commissioner regarding the reasonableness of Ms. Manbeck's hours. *See id.*

---

[4] The fee agreement expressly states that Ms. Manbeck "may (but is not obligated to) advance and pay" for costs and expenses listed earlier in the agreement. AR at 127. According to Plaintiff's declaration, Ms. Manbeck was the only attorney willing to advance such costs and expenses. *See* Doc. No. 25-3 ("Nguyen Decl.") ¶ 4.

As an initial matter, the Court notes that some of Ms. Manbeck's billing entries are in "block billing" format, which identifies several tasks within one time entry and does not specify how much time she took to complete tasks recorded in the entries. For example, Ms. Manbeck asserts that on July 1, 2017 for 2 hours, she reviewed the file, researched case law, and had a discussion with her client. Manbeck Decl. ¶ 7. On January 6, 2018 for 3.5 hours she discussed the case with her client and drafted a document, and on August 7, 2018 for 1.5 hours Ms. Manbeck reviewed the Court's Report and Recommendation and consulted with her client. *Id.* As observed by the Ninth Circuit, "block billing makes it more difficult to determine how much time was spent on particular activities." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007). Although counsel is "not required to record in great detail how each minute of [her] time was expended," *Hensley*, 461 U.S. at 437 n.12, she "bears the burden of submitting detailed time records justifying the hours claimed to have been expended." *Yeng Xiong v. Astrue*, No. 10cv1671-JLT, 2012 WL 4210121, at *3 (E.D. Cal. Sept. 19, 2012) (quoting *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1985)). The Court may reduce a fee award request when "documentation of hours is inadequate" and the Ninth Circuit permits the Court to reduce the fee to a reasonable amount when an attorney presents time in "blocks." *Hensley*, 416 U.S. at 433; *see Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000); *see also Welch*, 480 F.3d at 948 ("We do not quarrel with the district court's authority to reduce hours that are billed in block format."). The Ninth Circuit permits district courts to reduce hours billed by ten percent based on its exercise of discretion. *See Costa*, 690 F.3d at 1136; *see also Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). Therefore, the Court deducts ten percent of the time, or 0.7 hours amounting to $174.77, for the time spent on July 1, 2017, January 6, 2018, and August 7, 2018. *Nunez v. Berryhill*, No. 16cv294-SKO, 2018 WL 1605721, at *5 (E.D. Cal. Apr. 3, 2018) (deducting ten percent of time spent on block billed days).

6

17cv1406-MMA (NLS)

Plaintiff's attorney claims to have spent 2.25 hours on clerical tasks, such as 0.5 hours for filing Plaintiff's Complaint, 0.5 hours for filing Plaintiff's second motion to proceed *in forma pauperis* ("IFP"), 0.75 hours for the ambiguous task of "file," and 0.5 hours for finalizing and filing the instant motion. Manbeck Decl. ¶ 7. Clerical tasks are typically considered overhead expenses, and are not reimbursable. *See Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) ("[P]urely clerical or secretarial tasks should not be billed at a paralegal [or lawyer] rate, regardless of who performs them."); *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009) (reducing EAJA fee request to account for paralegal's billing of clerical work including time spent on "filing, transcript, and document organization time"). The Court finds the 2.25 hours for filing various documents to be clerical in nature, and accordingly, reduces the award by $560.27 for 0.5 hours billed on July 12, 2017, 0.5 hours billed on July 21, 2017, 0.75 hours billed on January 16, 2018, and 0.5 hours billed on November 2, 2018.

Ms. Manbeck also claims to have spent 40 hours, not including hours already reduced by the Court, preparing Plaintiff's motion for summary judgment.[5] Manbeck Decl. ¶ 7. The Commissioner contends Ms. Manbeck could have prepared the motion for summary judgment in 20 hours. Oppo. at 10-11. In support, the Commissioner contends that this social security case contained only "routine issues." *Id.* at 9. However, the Ninth Circuit has determined that courts may not apply de facto caps limiting the number of hours attorneys can reasonably expend on "routine" social security cases. *See Costa*, 690 F.3d at 1133-37 ("[W]e question the usefulness of reviewing the amount of time spent in other cases to decide how much time an attorney could reasonably spend on the particular case before the court[.]"). Rather, "courts should generally defer to the 'winning lawyer's professional judgment as to how much time [she] was required to

---

[5] This includes 6 hours on January 5, 2018, 3 hours on January 9, 2018, 6 hours on January 11, 2018, 8 hours on January 12, 2018, 8.5 hours on January 13, 2018, and 8.5 hours on January 15, 2018. *See* Manbeck Decl. ¶ 7.

7

spend on the case.'" *Id.* at 1136 (quoting *Moreno*, 534 F.3d at 1112). Moreover, the Ninth Circuit has explained that social security cases "are often highly fact-intensive and require careful review of the administrative record, including complex medical evidence." *Id.* at 1134 n.1. Here, the administrative record was nearly 700 pages long, including hundreds of pages of medical records and Plaintiff's motion for summary judgment was 25 pages long, excluding the table of authorities. *See generally*, AR; *see also* Doc. No. 13. However, the Court finds a ten percent reduction in time is appropriate because the issues presented in the motion for summary judgment were not complex and there was likely some duplication of effort between preparing the motion for summary judgment and preparing the Complaint. *See Moreno*, 534 F.3d at 1112; *see also Gentry v. Colvin*, No. 12cv1825-SKO, 2014 WL 3778248, at *3 (E.D. Cal. July 30, 2014) (applying a ten percent deduction because "the issues were not particularly complex, and because there is always some duplicative effort in drafting the confidential brief and opening brief"). As such, the Court reduces Plaintiff's requested award by 4 hours, or $1,003.57.

Additionally, Plaintiff's attorney claims to have spent 6.5 hours—omitting tasks already reduced by the Court—reviewing and preparing Plaintiff's Complaint. Manbeck Decl. ¶ 7. The Commissioner asserts that Plaintiff's attorney could have prepared the Complaint in 2 hours. Oppo. at 10-11. While the Court agrees that 6.5 hours spent on a 6-page complaint is excessive, the Complaint demonstrates that Ms. Manbeck thoroughly reviewed Plaintiff's file and researched case law. *See generally,* Doc. No. 1 (outlining Plaintiff's list of impairments, brief medical history, and the grounds raised on judicial review). As such, the Court finds 3 hours spent preparing and drafting the Complaint to be reasonable. *See Gomez v. Astrue*, No. 06cv2051 BTM (NLS), 2008 WL 3200668, at *2 (S.D. Cal. Aug. 5, 2008) (finding 1.75 hours spent preparing the complaint unreasonable). The Court therefore reduces Plaintiff's requested award by 3.5 hours, amounting to $863.77.

Ms. Manbeck also declares that she spent 10 hours preparing the instant motion and 4.75 hours preparing the reply brief. Manbeck Decl. ¶ 7; Reply at 11. The Commissioner contends a reasonable amount of time spent on the instant motion is 3 hours. Oppo. at 10-11. Having thoroughly reviewed the instant request for attorney's fees under the EAJA, the Court notes that Plaintiff's briefing is littered with changes in formatting and other errors, which indicate that much of the request is re-used. In fact, the Court has reviewed Ms. Manbeck's request for attorney's fees under the EAJA in other cases and notes that they are substantially identical. *See* Mtn.; *see also Doan v. Berryhill*, No. 16cv841-BAS (AGS), Doc. No. 42; *Ta v. Colvin*, No. 14cv2487-MMA (BGS), Doc. No. 44. The formatting and other errors include the following: the font size varies, much of the text does not align with the line numbers, there are unusual hard returns and other gaps in the text, Plaintiff alternates between underlining and italics in citations, some argument headings alternate between underlined text and bolded text in the same sentence, the types of quotation marks vary, and certain words (including the acronym "EAJA") are occasionally inexplicably highlighted. *See* Mtn. Based on these formatting errors, generic phrasing, and the fact that Plaintiff's request has been re-used in multiple cases, the Court finds that Ms. Manbeck could not have reasonably expended 10 hours drafting the request and instead finds 3 hours to be reasonable. Given Ms. Manbeck's need to carefully review the Commisioner's twelve-page opposition, research the cases cited therein, and draft her eleven-page reply, the Court finds that an additional 2 hours preparing the reply brief is reasonable. Accordingly, the Court awards 5 hours of attorney's fees for the time spent drafting the EAJA request and reply brief, thereby reducing Plaintiff's requested award by 9.75 hours or $2,445.11.

C. **Costs**

Plaintiff requests "reimbursement of travel expense, photocopying and postage in the amount of $100." Mtn. at 15. Ms. Manbeck declares that she incurred $100 "in travel costs to meet [P]laintiff in San Diego to discuss [the] case with him and his parents and to pay for delivery service to him via a translator." Manbeck Decl. ¶ 11. The

1  Commissioner opposes, noting that Plaintiff "provides no receipts or . . . proof" of the
2  expenses. Oppo. at 11. In reply, Plaintiff reiterates that Ms. Manbeck's expenses are
3  recoverable, and explains she is seeking recovery "for miscellaneous costs for copying,
4  telephone calls and payment to couriers to travel to [P]laintiff's home for signature on
5  declarations." Reply at 10.

Counsel's expenses may be reimbursed pursuant to the EAJA. *See* 28 U.S.C. § 2412(d)(1)(B). To recover expenses related to an action, an attorney seeking an award of expenses must "submit to the court an application . . . including an itemized statement." *Id.* Here, Plaintiff does not specify which portion of the $100 was incurred for which expense. *See* Mtn. at 15; Manbeck Decl. ¶ 11. Moreover, the costs requested in the motion and the reply brief differ. *See generally*, Mtn.; Reply. Accordingly, the Court declines to award costs to Plaintiff.

### D.  Assignment of the Fee Award

Plaintiff requests that the EAJA fee award be made payable to counsel, pursuant to Plaintiff's declaration, which states that he "assign[s] all the EAJA attorney fees awarded by the Court to attorney Manbeck" and requests the fees and costs be sent directly to counsel. Nguyen Decl. ¶ 5; *see* Mtn. at 17. The Commissioner requests that "if EAJA fees are awarded, the Court specify that any assignment cannot be honored without prior consideration by the Treasury Offset Program." Oppo. at 12. Under the Anti-Assignment Act, which applies to EAJA fees in a social security appeal, a claim against "the United States may not be assigned to a third party unless [certain] technical requirements are met." *United States v. Kim*, 806 F.3d 1161, 1169 (9th Cir. 2015); 31 U.S.C. § 3727; *Yesipovich v. Colvin*, 166 F. Supp. 3d 1000, 1011 (N.D. Cal. 2015). Thus, "the Government has the power to pick and choose which assignments it will accept and which it will not." *Kim*, 806 F.3d at 1169-70. Here, because Plaintiff has assigned his rights to counsel, the EAJA fees should be made payable directly to Plaintiff's attorney, subject to any government debt offset and the government's waiver

of the Anti-Assignment Act requirements. *See* Nguyen Decl. ¶ 5; *see also Astrue v. Ratliff*, 560 U.S. 586, 592-93 (2010).

## CONCLUSION

For the reasons set forth above, the Court **GRANTS IN PART** Plaintiff's motion and **AWARDS** Plaintiff attorney's fees of **$15,851.75.[6]** Subject to offsets allowed under the Treasury Offset Program, payment is to be made directly to Plaintiff's attorney. *See id.*

**IT IS SO ORDERED**.

Dated: December 11, 2018

Hon. Michael M. Anello
United States District Judge

---

[6] Plaintiff's total requested amount of $20,899.24 is reduced by $5,047.49.