UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAM PHAN NGUYEN,<br><br>  Plaintiff,<br><br>v.<br><br>NANCY BERRYHILL, Acting Commissioner of Social Security,<br><br>  Defendant. | Case No. 17-cv-1406-MMA (NLS)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REOPEN CASE**<br><br>[Doc. No. 29] |

Plaintiff Tam Phan Nguyen ("Plaintiff") filed an appeal from the final decision of Acting Commissioner of Social Security Nancy A. Berryhill ("the Commissioner") denying his application for disability insurance benefits and Supplemental Security Income benefits on July 12, 2017. Doc. No. 1. The Magistrate Judge issued a Report and Recommendation on August 3, 2018, recommending that the Court grant in part Plaintiff's motion for summary judgment, deny the Commissioner's cross-motion for summary judgment, and remand the case for further proceedings. Doc. No. 18 at 39–40.[1]

---

[1] All citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

The Court adopted Magistrate Judge's Report and Recommendation and remanded the case for further proceedings. Doc. No. 21. Plaintiff now moves to reopen the case in light of the Administrative Law Judge (ALJ) again denying benefits. *See* Doc. No. 29. The Commissioner filed an opposition to Plaintiff's motion, *see* Doc. No. 30, but Plaintiff did not reply. The Court found the matter suitable for determination on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1. *See* Doc. No. 31. For the reasons set forth below, the Court **DENIES** Plaintiff's motion.

In a brief motion with less than one page of substance, Plaintiff seeks to reopen this action "pursuant to 42 U.S.C. § 405(g) and order that the Commissioner file the transcript of the plaintiff's case record so that plaintiff may file a motion for summary judgment." Doc. No. 29-1 at 1. Plaintiff appears to make this motion to ultimately challenge the ALJ's post-remand denial of benefits. *See id.* The Commissioner responds that this motion should be denied because the Court's jurisdiction has ended and Plaintiff should, instead, challenge the ALJ's new findings in a new civil action. *See* Doc. No. 30 at 2. The Commissioner argues that the Court's remand order was pursuant to sentence four of § 405(g) because the Court did not reserve jurisdiction under sentence six of § 405(g) and "neither statutory basis for sentence-six remand is applicable." *See id.* at 4. Additionally, the Commissioner contends that the parties treated the remand as one pursuant to sentence four that resulted in a final judgment. *Id.* at 5.

In addressing Plaintiff's motion, the Court begins with the statute. Under 42 U.S.C. § 405(g), there are two types of remand: "(1) remands pursuant to the fourth sentence, and (2) remands pursuant to the sixth sentence." *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). The text of sentence four to § 405(g) provides the following: "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g), sentence four. As opposed to sentence four, a sentence six remand "describes an entirely

different kind of remand." *Melkonyan*, 501 U.S. at 98 (quoting *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990)).  The text of sentence six to § 405(g) states the following:

> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

42 U.S.C. § 405(g), sentence six.  In a sentence six remand, the reviewing "district court does not affirm, modify, or reverse the Secretary's decision; it does not rule in any way as to the correctness of the administrative determination." *Melkonyan*, 501 U.S. at 98. Instead, "the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding." *Id.* (citing *Finkelstein*, 496 U.S. at 626).  Following a sentence six remand, the statute requires the Commissioner to return to the district court to file such additional or changed factual findings, decisions, and record.  *See id.* (quoting 42 U.S.C. § 405(g), sentence six).  "Unlike sentence four remands, sentence six remands do not constitute final judgments." *Akopyan v. Barnhart*, 296 F.3d 852, 855 (9th Cir. 2002).

As a preliminary matter, Plaintiff does not sufficiently provide the grounds for his motion to reopen the case.  *See* Fed. R. Civ. P. 7(b)(1)(B); *cf. Indep. Towers of Washington v. Washington*, 350 F.3d 925, 930 (9th Cir. 2003) ("We require contentions

to be accompanied by reasons."). Plaintiff compounds this oversight by failing to file a reply to the Commissioner's opposition brief. Therefore, Plaintiff has failed to carry his burden to show why this action should be reopened. Regardless of this error, the Court addresses the merits of Plaintiff's motion.

Turning to the substance of Plaintiff's motion, the Court remanded the action pursuant to sentence four. In adopting the Magistrate Judge's Report and Recommendation and remanding the case for further proceedings, the Court found that "the ALJ did not consider the entire record nor did he provide 'specific and legitimate reasons supported by substantial evidence' in his decision to reject the medical opinions and objective medical evidence of Plaintiff's mental impairments." Doc. No. 18 at 39 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1013 (9th Cir. 2014)), *adopted in its entirety by* Doc. No. 21 at 10. The Court remanded the ALJ's decision "as to Plaintiff's mental health impairments" for further administrative proceedings. *Id.* at 40. In essence, the Court ruled on the "correctness of the administrative decision." *Melkonyan*, 501 U.S. at 98. The Court did not remand based on new evidence appearing that might have altered the ALJ's decision. The Court's order constituted a final judgment that ruled on the ALJ's decision. Accordingly, the Court ordered remand pursuant to sentence four.

Moreover, Plaintiff treated the Court's remand order as pursuant to sentence four. After the Court issued its order, Plaintiff moved for attorneys' fees under the Equal Access to Justice Act ("EAJA"). *See* Doc. No. 25. In his motion, Plaintiff noted that the request needed to be filed within thirty days of the Court's final judgment and that the Court's remand order would become a final judgment on November 5, 2018. *See* Doc. No. 25-1 at 2. Indeed, "[a] sentence four remand becomes a final judgment, for purposes of attorneys' fees claims brought pursuant to the EAJA, 28 U.S.C. § 2412(d), upon expiration of the time for appeal." *Akopyan*, 296 F.3d at 854 (citing *Shalala v. Schaefer*, 509 U.S. 292, 297 (1993)). Thus, Plaintiff himself moved for attorney's fees under the belief that the Court's remand order was a final judgment pursuant to sentence four.

4

17-cv-1406-MMA (NLS)

Furthermore, the Court did not retain jurisdiction over the action—nor could it. "'[E]ach final decision of the Secretary is reviewable by a *separate* piece of litigation,' and a sentence-four remand order '*terminates* the civil action' seeking judicial review of the Secretary's final decision." *Schaefer*, 509 U.S. at 299 (brackets omitted) (quoting *Finkelstein*, 496 U.S. at 625). Because the Court remanded the previous ALJ decision under sentence four and Plaintiff now seeks judicial review of a new decision by the ALJ, Plaintiff's motion to reopen in this action is improper.

For the foregoing reasons, the Court **DENIES** Plaintiff's motion.

**IT IS SO ORDERED**.

Dated: December 16, 2020

_____
HON. MICHAEL M. ANELLO
United States District Judge